UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| W.T. | PLAINTIFF |
| v. | CIVIL NO. 5:21-cv-00178-CHB |
| HOSEA LEE, *et al.* | DEFENDANTS |

**UNITED STATES' MOTION TO VACATE COURT'S ORDER STAYING CASE**

Pursuant to Fed. R. Civ. P. 60(b)(1), Defendant, the United States of America, respectfully moves the Court to vacate the Order (Doc. 27) entered on January 18, 2022 for "mistake, inadvertence, surprise, or excusable neglect." Plaintiff's Motion to Stay (Doc. 26) misrepresented the United States' position on the requested stay, and the Order was entered before the United States had an opportunity to respond under the local rules. Rather than stay the entire case indefinitely pending resolution of the Defendant Hosea Lee's criminal charges, the United States requests the Court stay discovery until there is a ruling on the United States' Motion for Partial Dismissal (Doc. 20). Once the Court rules on that Motion, then the United States will file an Answer as contemplated by Fed. R. Civ. P. 12(a)(4) and then the parties can meet and confer to develop a discovery plan as required by Fed. R. Civ. P. 26(f). At that point, the parties can discuss whether discovery may proceed and in what fashion or whether a stay is appropriate.

Accordingly, the United States requests the Court vacate the Order (Doc. 27) and instead enter the United States' tendered order.

**ARGUMENT**

Plaintiff, WT, filed this case in June 2021 alleging constitutional claims against Lee and alleging claims against the United States under the Federal Tort Claims Act for assault and

1

battery, for negligent retention, hiring or supervision, and for negligent training of Lee. *See* Motion to Dismiss Doc. 20, PageID.150-151. One month later, Lee was indicted by a federal grand jury in *United States v. Lee*, E.D. Ky. Case No. 5:21-CR-084-DCR-MAS-1. In the criminal matter, the court initially set a jury trial for October 4, 2021, but the trial was later continued to January 10, 2022 and then to March 15, 2022. *See* Criminal Docket, Doc. 16, 31, 34.

In this action, Lee filed an Answer (Doc. 18) to WT's Complaint in August 2021, and the United States filed a Motion for Partial Dismissal (Doc. 20) on September 29, 2021. The United States' Motion seeks dismissal of WT's claims for assault and battery and for negligent retention, hiring or supervision of Lee. If the United States' Motion is successful, WT would have one remaining claim against the United States for negligent training. The parties fully briefed the dispositive Motion, and the matter was submitted to the Court for decision on November 3, 2021.

Even though this case and Lee's criminal case have been pending for at least six months and the parties have fully briefed the United States' dispositive Motion, last week WT moved the Court to stay the entire case pending completion of Lee's criminal trial. *See* Motion to Stay (Doc. 26). Other than a basic recitation of the procedural history of the civil and criminal matters, WT's Motion provides no legal support for the requested stay or why the stay is suddenly important at this stage. WT's Motion to Stay was filed the afternoon of Friday, January 14, 2022, and the Court granted the Motion the following Tuesday morning after the long holiday weekend. With the federal holiday, the United States was still evaluating the Motion when the Order was entered and was not given the opportunity to file a response in opposition within 21 days as provided by the local rules.

Most importantly, WT's Motion misrepresented the United States' position on the requested stay. WT's Motion asserted that "Defendant United States of America agrees that discovery should be stayed pending completion of the criminal trial. However, Defendant United States of America does not agree to a stay of the case." *See* Motion, Doc. 26, PageID.251 ¶ 5. WT's representation to the Court is only half true. It is true that the United States does not agree to a total stay of the case pending completion of Lee's criminal trial. WT's Motion, however, falsely represented to the Court that the United States agreed to stay discovery pending completion of the criminal trial. Rather, in email correspondence with WT's West Virginia counsel, the United States' counsel specifically refused to stay all discovery pending the outcome of the criminal matter and instead suggested that the parties take a "wait and see" approach.

Counsel for the United States suggested staying discovery pending a ruling on the dispositive motion and then determining how discovery should proceed in light of the criminal matter. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). This is especially true if the dispositive Motion may be decided on a legal basis without the need for discovery. *Osborn v. Griffin*, Civil Action No. 11-89-WOB-CJS, 2011 WL 13156649, *1 (E.D. Ky. December 9, 2011) (internal citations omitted).

Here, the United States seeks to stay discovery since its dispositive Motion may resolve a number of WT's claims, leaving only one claim for negligent training of Lee. By responding to the United States' dispositive Motion and subsequently filing the Motion to Stay the entire case, WT appears to concede that discovery is not appropriate at this time. The United States agrees and therefore requests the Court stay discovery pending a decision on the United States' partial

3

Motion to Dismiss.

The United States, however, does not agree that this matter should be totally stayed indefinitely pending resolution of Lee's criminal charges. An order to stay a case is an extraordinary remedy as "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977). The Sixth Circuit has held "that 'nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment,'" and a civil action may proceed even if there are parallel criminal proceedings. *Federal Trade Commission v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007)). In determining whether to stay a parallel civil proceeding, courts consider the following factors: (1) whether the issues in the civil and criminal cases overlap; (2) the status of the matters; (3) the interests of the parties compared to the prejudice "caused by the delay;" (4) the "private interests of and burden" on the parties; (5) "the interests of the courts;" and (6) "the public interest." *Id.* The party seeking the stay has the burden to show a "'pressing need for delay'" and that the stay will not prejudice the opposing party or the public. *Id.* at 627-628 (quoting *Ohio Envtl. Council*, 565 F.2d at 396).

WT's Motion to Stay offers no explanation or legal analysis as to why a stay is necessary at this time. While Lee's criminal trial was continued to March 15, 2022 it is unclear if the case will be ready then or whether further extensions will be required, especially as the courts and litigants continue to navigate the COVID-19 pandemic. WT also fails to explain why the stay is important now, especially since this case has been pending for more than six months, Lee's criminal trial has been rescheduled twice, and the United States' dispositive Motion has been

fully briefed and submitted for a ruling for more than two months.

Instead of staying the case pending the resolution of Lee's criminal matter, the United States proposes a more tailored approached. Once the Court rules on the dispositive Motion, the United States will file an answer as required by Rule 12(a)(4), and then the parties can meet and confer as required by Rule 26(f) to develop a proposed discovery plan. During these discussions, the parties can determine whether discovery should be initially limited in light of the criminal matter. But, Lee's criminal matter may be resolved at that point, or the parties may be able to conduct written discovery while the criminal case proceeds. If a stay is appropriate at that time, WT or the United States may move to stay the case depending on the issues at play. But, at this point in the litigation WT's request for such extraordinary relief is premature.

## CONCLUSION

Since the United States was not given the opportunity to respond to WT's Motion to Stay as provided by the local rules, the United States respectfully requests the Court vacate the Order under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." The United States further requests the Court deny WT's Motion to Stay, without prejudice. Since the United States agrees to stay discovery and may agree to a future stay of all proceedings, the United States respectfully requests the Court enter the tendered order, staying discovery until there is a ruling on the United States' dispositive Motion and then directing the parties to meet and confer as required by Rule 26(f) to develop a discovery plan.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Katherine A. Bell*
Katherine A. Bell
Assistant United States Attorney
Western District of Kentucky
*Acting Under Authority Conferred by*
*28 U.S.C. § 515*
717 West Broadway
Louisville, KY 40202
P: (502) 582-5094
F: (502) 625-7110
Katherine.bell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which automatically serves the filing on all parties requesting electronic service in this matter.

*/s/ Katherine A. Bell*
Katherine A. Bell
Assistant United States Attorney
Western District of Kentucky
Acting Under Authority Conferred by
28 U.S.C. § 515